United States District Court
Middle District of Tennessee
Nashville Division

Electronically Filed

| | |
|---|---|
| Timothy Oakley and<br>Monica Oakley<br><br>    Plaintiffs<br><br>vs.<br><br>Allstate Insurance Company<br>and Homesite Insurance<br>Company of the Midwest<br><br>    Defendants | ]<br>]<br>]<br>]<br>] No. 3:10-0931<br>] JURY DEMAND<br>]<br>]<br>]<br>]<br>]<br>]<br>] |

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 11(d)(1)b.2, counsel for the above-referenced parties have prepared a proposed Case Management Order encompassing the discovery plan required by Federal Rule of Civil Procedure 26(f) and the pertinent issues listed in Local Rule section (d)(1)c and (d)(2).

### A. STATUS OF SERVICE OF PROCESS AND RESPONSIVE PLEADINGS

This matter was originally filed on October 6, 2010. The Defendants have been served and David M. Waldrop, Esq. has entered his appearance on behalf of Defendant, Allstate Insurance Company. Tracy Shaw, Esq. is Counsel for Homesite Insurance Company of the Midwest. Homesite may not be a proper party to the action; this is being evaluated.

### B. BASIS OF JURISDICTION

Jurisdiction exists on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Jurisdiction is not in dispute.

## C. PARTIES' THEORIES OF THE CASE

### 1. Plaintiff's Theory of the Case

On October 27, 2009, Plaintiffs suffered major property loss from a fire. Plaintiffs' property was insured under a policy of homeowner's insurance, policy number 30936675/935937996 09/05, issued by the Defendants. Plaintiffs are suing the Defendants for breach of contract for failure to pay their claims. Plaintiffs' damages exceed the sum of $1,000,000.00 Plaintiffs have performed all conditions precedent for payment under the terms and conditions of the aforesaid policy of insurance. The Defendants' refusal to pay under the contract of insurance is in bad faith and violates T.C.A. §56-7-105. Plaintiffs also assert a cause under Tennessee Consumer Protection Act, T.C.A. §47-18-104(b)(12) and (27).

### 2. Defendant Allstate's Theory and Defenses

Allstate avers that Plaintiffs, or others at their direction and with their knowledge and consent, set fire to the premises at 1036 Hartsville Pike, Gallatin, Tennessee 37066 on or about October 27, 2009, said actions being intentional and with the purpose of destroying the property in order to defraud Allstate of insurance proceeds. The actions of the Plaintiffs, or others at their direction and with their knowledge and consent, bars them from recovering any insurance proceeds from Allstate.

It is Allstate's position the Plaintiffs breached the following terms and conditions in the insurance contract and violated the following policy provision:

**Concealment or Fraud**

> **We** do not cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance.

*Losses We Do Not Cover Under Coverage A, Coverage B and Coverage C:*

> A. We do not cover loss to property described in Coverage A - Dwelling Protection or Coverage B - Other Structures Protection consisting of or caused by:
> . . .
>
> 6. Vandalism or Malicious Mischief if your dwelling is vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief.
>
> C. We do not cover loss to the property described in Coverage A – Dwelling Protection or Coverage C – Personal Property Protection consisting of or caused by the following:
>
> 7. Any substantial change or increase in hazard, if changed or increased by any means within the control or knowledge of an insured person.
>
> 8. Intentional or criminal acts of or at the direction of any insured person, if the loss that occurs:
>
>     a) may be reasonable expected to result from such acts; or
>
>     b) is the intended result of such act.
>
>     This exclusion applies regardless of whether or not the insured person is actually charged with, or convicted of a crime.

Allstate denied the Plaintiffs' claim in good faith after a thorough investigation of the loss. Allstate avers that Timothy Oakley and Monica Oakley directly caused or arranged for a loss to the property in order to obtain insurance benefits and/or the plaintiffs knowingly and willfully concealed or misrepresented material facts or circumstances relating to the insurance before or after the loss. Allstate has properly denied plaintiffs' claim in accordance with the

terms of the policy. Allstate was within its right to deny the plaintiffs' claim and that at all times material herein Allstate was acting in good faith.

Allstate avers that all times material and relevant hereto, Tennessee Code Annotated § 56-7-106 was in full force and effect and that Plaintiffs actions in seeking insurance proceeds from Allstate and in bringing this Complaint, were not in good faith. Allstate has incurred additional expenses and losses, and injury due to the Plaintiffs' bad faith. Allstate is seeking damages in amount not to exceed 25% of the amount for which Plaintiffs a claim against Allstate.

## D. ISSUES THAT HAVE BEEN RESOLVED

No issues have been resolved at this time.

## E. DISCOVERY PLAN

1. Mandatory Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial Case Management Conference.

2. Discovery

Discovery is not stayed unless ordered by the Court.

Discovery

All written and oral discovery shall be completed by May 31, 2011. The deadline for filing discovery-related motions with regard to fact discovery is June 6, 2011.

3. Experts

Plaintiffs shall designate their expert witnesses, if any, by January 4, 2011. Defendants shall designate their expert witnesses, if any, by January 31, 2011. Expert depositions shall be completed by July 29, 2011.

Limitations on Discovery

The amount and timing of discovery is governed by the Federal Rules of Civil Procedure and the Local Rules.

Protective Orders

To the extent a protective order is deemed necessary by the parties (for example, to protect confidential health information of Plaintiff), the parties will submit a motion and mutually agreed upon order. If an agreement is not possible, the parties reserve the right to move the Court for a protective order.

**F. TIMING OF PRETRIAL MOTIONS**

1. All dispositive motions shall be filed by August 31, 2011. Responses to dispositive motions must be filed no later than 30 days after filing of the dispositive motion. Replies to dispositive motions shall be filed within 14 days of filing of the response to the motion.

2. The deadline for filing motions to amend the pleadings is February 1, 2011.

**G. SETTLEMENT**

The parties have not discussed settlement at this time. While settlement may be an option at some point during this case, some discovery is needed before the parties can fully evaluate the possibility of settlement.

**ALTERNATIVE DISPUTE RESOLUTION**

Although ADR might be a possibility in this case, this option cannot be realistically evaluated prior to some initial discovery. If either party believes ADR is appropriate, the Court will, upon request of the parties, schedule such a conference.

**TRIAL DATE**

The parties anticipate that this matter will be ready for trial on March 13, 2012. The parties anticipate that the trial will take three (3) days. Accordingly, this matter is set for trial on March 13, 2012. The final pretrial conference is set for March 2, 2012 at 10:00 a.m.

It is so ORDERED.

JULIET GRIFFIN
U.S. Magistrate Judge

APPROVED FOR ENTRY BY:

s/ Mike Breen
Mike Breen, BPR #024876
MIKE BREEN ATTORNEY AT LAW, PSC
870 Fairview Ave., Suite 5
P.O. Box 3310
Bowling Green, KY 42102-3310
Phone: (270) 782-3030


s/ Zale Dowlen
Zale Dowlen
Attorney at Law
108 Lauren Drive
White House, TN 37188
Phone: (615) 497-0763


s/ David M. Waldrop
David M. Waldrop BPR # 13079
WALDROP, BARNETT, LAZAROV
 & NEARN, P.C.
9032 Stone Walk Place
Germantown, TN 38138
Phone: (901) 759-3489

s/ Tracy Shaw
Tracy Shaw
Howell & Fisher, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
#615/244-3370
#615/846-2177 (Fax)