IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY OAKLEY; and MONICA )
OAKLEY )
) No. 3-10-0931
v. )
)
ALLSTATE INSURANCE COMPANY; )
and HOMESITE INSURANCE )
COMPANY OF THE MIDWEST )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' proposed case management order, with modifications addressed at the initial case management conference held on November 15, 2010. Those modifications and other matters addressed on November 15, 2010, are as follows:

1. The parties agree that Allstate Property & Casualty Insurance Company is the proper defendant.

Therefore, the Clerk is directed to terminate Allstate Insurance Company and to substitute therefor Allstate Property & Casualty Insurance Company.

2. Plaintiffs' counsel represented that he would file a notice of voluntary dismissal of the plaintiffs' claims against defendant Homesite Insurance Company of the Midwest ("Homesite").

However, defendant Homesite has now filed an answer (Docket Entry No. 11). Therefore, the plaintiffs cannot unilaterally file a notice of voluntary dismissal in accord with Rule 41(a)(1) of the Federal Rules of Civil Procedure.

The plaintiffs may file a motion to dismiss their claims against Homesite, to which defendant Homesite will have the opportunity to respond. Alternatively, the plaintiffs and defendant Homesite may file an agreed order or stipulation of dismissal upon terms mutually agreeable to the parties.

If the plaintiffs and defendant Homesite have not filed an agreed order or stipulation of dismissal or the plaintiffs have not filed a motion to dismiss their claims against defendant Homesite by November 29, 2010, they shall file a status report, indicating what action they intend to take and when.

3. The parties anticipate little or no discovery of electronically stored information. Therefore, the parties are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

4. The contemporaneously entered order provides that all written and oral discovery shall be completed by May 31, 2011. That provision means that all written discovery shall be served so that responses are in hand by May 31, 2011.

5. The contemporaneously entered order provides that the plaintiffs shall have until January 4, 2011, to designate their expert witnesses, and that defendant Allstate shall designate its expert witnesses by January 31, 2011.

Such deadlines shall also include service of expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

No other expert witnesses shall be disclosed and no other expert disclosures shall be made.

6. Although not addressed on November 15, 2010, a deadline of June 6, 2011, is established for filing any discovery-related motion relating to fact discovery.

7. As provided in the contemporaneously entered order, the deadline for filing dispositive motions is August 31, 2011. Any response shall be filed within 30 days of the filing of the motion or by September 30, 2011, if the motion is filed on August 31, 2011. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by October 14, 2011, if the response is filed on September 30, 2011.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable John T. Nixon.

In consultation with Judge Nixon's office, a jury trial is scheduled to begin on **Tuesday, March 13, 2012.** The parties estimate that the trial will take three (3) days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by 12:00 noon on Friday, March 9, 2012, if this case has settled. Failure to provide such notification

in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

The pretrial conference is also scheduled before Judge Nixon, on **Friday, March 2, 2012, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By February 3, 2012, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By February 13, 2012, the parties shall file any motions in limine, any Daubert motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any Daubert motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by February 24, 2012.

By February 24, 2012, the parties shall also:

    1.    Submit a proposed joint pretrial order;[1]

    2.    Exchange their final lists of witnesses and exhibits;

    3.    File their respective final witness and exhibit lists;

    4.    File a listing of all agreed stipulations; and

---

[1] The pretrial order shall contain (1) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings; (2) a short summary of the plaintiffs' theory (no more than one page); (3) a short summary of the defendant's theory (no more than one page); (4) the issues to be submitted to the Court and the jury; (5) any anticipated evidentiary issues; and (6) a statement that the parties have complied with the provisions of this order.

5. File proposed jury instructions, any special interrogatories, and any special verdict forms.

A deadline for filing pretrial briefs will be established at the pretrial conference, if appropriate.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge