IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY OAKLEY; and MONICA )
OAKLEY )
) No. 3-10-0931
v. )
)
ALLSTATE PROPERTY & CASUALTY )
INSURANCE COMPANY;[1] and )
HOMESITE INSURANCE COMPANY )
OF THE MIDWEST[2] )

O R D E R

On May 5, 2011, the plaintiffs filed a motion to compel discovery (Docket Entry No. 29) and a joint statement of the disputed discovery matter (Docket Entry No. 29-6). The defendant has not filed a response to that motion, indicating that there is no opposition. See Local Rule 7.01(b).

However, during the week of May 23, 2011, defendant's counsel called the office of the Magistrate Judge to advise that the motion had been resolved, and that he would make a filing to that effect or the plaintiffs would move to withdraw their motion. However, no such filing was made, and, on June 2, 2011, a representative of plaintiffs' counsel called the office of the Magistrate Judge to advise that the motion had not been resolved.

Therefore, in light of the fact that no response to the motion to compel has been filed and the parties have not made any other filings related to the motion, the motion to compel is GRANTED to the extent provided herein.

By June 17, 2011, the defendant shall produce to the plaintiffs all documents responsive to the plaintiffs' Request for Production No. 1, see Docket Entry No. 29-1, at 1, from July 28, 2010, provided, however, any such responsive documents need not be produced if the defendant contends

---

[1] By order entered November 16, 2010 (Docket Entry No. 13), defendant Allstate Insurance Company was terminated as a defendant and Allstate Property & Casualty Insurance Company was substituted therefor.

[2] By stipulation and order entered November 22, 2010 (Docket Entry No. 16), the plaintiffs' claims against defendant Homesite Insurance Company of the Midwest were dismissed with prejudice.

that they are covered by the attorney client privilege or work product protection. In the event that the defendant asserts that any such documents are covered by the attorney client privilege or work product protection, the defendant shall produce a privilege log for any such documents by June 17, 2011. Inasmuch as it appears that the defendant may have believed that there had been a resolution of the discovery dispute, to the extent that the plaintiffs sought an order that the defendant has waived its right to assert attorney client privilege or work product protection, that portion of the plaintiffs' motion is DENIED.

If, as a result of this order, additional time is necessary to complete discovery beyond the May 31, 2011, deadline for completion of fact discovery, the plaintiffs shall have until June 24, 2011, to file a motion to extend that deadline.

If, after the defendant's response as ordered herein, any disputed issues remain, counsel shall schedule a telephone conference call with the Magistrate Judge to address any such matters.

The June 6, 2011, deadline for filing any discovery motions is extended to June 24, 2011. If the parties have not scheduled a conference call with the Magistrate Judge or a discovery motion has not been filed by June 24, 2011, the Court will assume that there are no further issues related to the defendant's production of documents and no other discovery issues.

Except as modified herein, the deadlines provided in the orders entered November 16, 2010 (Docket Entry Nos. 12-13), as amended by the orders entered January 10, 2011, and February 28, 2011 (Docket Entry No. 27), remain in full force and effect.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. See Rule 72.02(b)(1) of the Local Rules of Court and Rule 72(a) of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge